UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COW PALACE, LLC, *et al.*,<br><br>Defendants. | Civil No. 24-CV-3092-TOR<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties to this Stipulated Protective Order have agreed to the terms of this Protective Order; accordingly, it is ORDERED:

1.    **Purpose and Limitations.**  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with Federal Rule of Civil Procedure 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER - 1

2.    **Scope.**  Discovery Materials are subject to this Protective Order upon being designated as Protected Information by the Producing Party in accordance with Paragraphs 4–6 or, in the case of deposition testimony, transcripts, and exhibits, as described in Paragraph 5 and 11(b). The protections conferred by this Order cover not only Protected Information (as defined below) but also (1) any information copied or extracted from Protected Information; (2) all copies, excerpts, summaries, or compilations of Protected Information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Information. However, the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

3.    **Definitions**.

(a)    "Discovery Material" means documents, ESI, information, or other material produced or adduced in the course of discovery in this litigation, including initial disclosures; responses to subpoenas, interrogatories, and requests for production; deposition testimony and exhibits; and information derived therefrom.

(b)    "ESI" means electronically stored information in any form.

(c)    "Parties" means the parties to this litigation including their counsel.

STIPULATED PROTECTIVE ORDER - 2

(d)     "Producing Party" means: (i) a Party to this litigation including their counsel who is producing documents, ESI, or other materials in response to a discovery request served in this action; or (ii) a person or their counsel who is producing documents, ESI, or other materials in response to a subpoena served in connection with this action.

(e)     "Protected Information" means Discovery Materials that are asserted to be entitled to confidential treatment and have been designated as subject to this Protective Order in accordance with Paragraph 5.

(f)     "Non-Party Protected Information" means Discovery Materials that contain information a Producing Party received from a non-party and that has been designated as Protected Information by the Producing Party because (i) the submitting non-party has asserted that the Discovery Materials are entitled to confidential treatment under Rule 26(c) of the Federal Rule of Civil Procedure, (ii) the submitting non-party has claimed that the Discovery Materials are protected from public disclosure when it submitted the materials to the United States (e.g., information in the possession, custody, or control of the U.S. Environmental Protection Agency that was designated as "Confidential Business Information," "Proprietary," "Trade Secret," "Business Confidential," or the substantial equivalent thereof and submitted pursuant to 40 C.F.R. Part 2, Subpart B, prior to the commencement of this action), or (iii) the United States has informed the

STIPULATED PROTECTIVE ORDER - 3

submitting non-party that the Discovery Materials would be protected from public disclosure by applicable federal law.

4.    **Designation.**

(a)    If a Producing Party has a good faith belief that certain Discovery Materials are entitled to confidential treatment, the Producing Party may designate such Discovery Materials as subject to this Protective Order by marking them in accordance with Paragraph 5. The grounds for designating Discovery Materials as subject to this Protective Order include, without limitation:

(i)    information prohibited from disclosure by statute, regulation, rule, or other law;

(ii)    information that reveals trade secrets or confidential business information;

(iii)    research, technical, commercial, or financial information that has been maintained as confidential;

(iv)    medical information concerning any individual;

(v)    personally identifiable information, including without limitation social security numbers and financial information associated with individuals;

(vi)    income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or

STIPULATED PROTECTIVE ORDER - 4

1              (vii)   personnel or employment records of an individual.

2          (b)      Notwithstanding subparagraph (a) should any Party wish to

3    designate any Discovery Material as being Protected Information, the designating

4    Party may also provide redacted versions of such materials that need not be treated

5    as confidential.

6          (c)      Use of Search Terms or Other Technology. The prosecution

7    and defense of this action will require each Party to review and to disclose large

8    quantities of information and documents, including ESI, through the discovery

9    process. As a result, a full page-by-page preproduction review of Discovery

10   Materials may impose an undue burden on the Parties' resources that is

11   disproportionate to the needs of the case. Therefore, the Court determines that a

12   Producing Party may designate Discovery Materials as subject to this Protective

13   Order based on search terms, filtering, or other method or computer technology

14   reasonably employed to identify information that might be entitled to confidential

15   treatment.

16         (d)      If the Producing Party is not a Party to this litigation, it shall

17   provide contact information to the Parties of record by filling out the form in

18   Attachment B and providing it to the Party who requested the Discovery Materials.

19   Within 30 days of receiving a form submitted under this subparagraph, the Party

20

STIPULATED PROTECTIVE ORDER - 5

that requested the Discovery Materials must serve a copy on all counsel of record

in accordance with Rule 5 of the Federal Rules of Civil Procedure.

(e)    Information or documents that are available to the public may

not be designated as Protected Information.

(f)    Communications regarding settlement of this matter may not be

designated as Protected Information, unless the communication includes

information that, if shared outside of the settlement context would properly be

designated as Protected Information. Nothing in this subparagraph alters the

parties' rights or responsibilities under Federal Rule of Evidence Rule 408.

(g)    The Producing Party may revoke its designation of Discovery

Materials as subject to this Protective Order by providing a copy that is not marked

in accordance with Paragraph 5, or by having counsel of record orally withdraw

the designation on the record during a deposition. The Producing Party must

revoke its designation of Discovery Materials as subject to this Protective Order if

it intends to use the materials in litigation and it determines that the materials do

not contain Protected Information.

5.    **Marking of Discovery Materials as Subject to this Protective**

**Order**. To designate paper documents, image files, or tangible things, the

Producing Party shall mark each page, image, or thing with the words

"SUBJECT TO PROTECTIVE ORDER." For image files, including placeholders,

STIPULATED PROTECTIVE ORDER - 6

these words must be branded onto each image (as opposed to an overlay), and must be positioned, as much as possible, to avoid obscuring parts of the image that are not blank.

Testimony given in deposition or in other pretrial proceedings may be designated as Protected Information by the Parties or any participating non-party identifying on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or non-party may, within thirty days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Protected Information. If a Party or non-party desires to protect Protected Information at trial, the issue should be addressed during the pre-trial conference.

A Producing Party may designate a tangible item as Protected Information by affixing in a prominent place on the exterior of the container or containers in which the information or item is stored the words "SUBJECT TO PROTECTIVE ORDER." To the extent practicable, the tangible item shall also be marked with the words "SUBJECT TO PROTECTIVE ORDER."

6.      **Inadvertent Failure to Designate.** An inadvertent failure to designate Discovery Materials as Protected Information does not, standing alone, waive the right to so designate the Discovery Materials; provided, however, that a

STIPULATED PROTECTIVE ORDER - 7

failure to serve a timely Notice of Designation of deposition testimony as required by this Protective Order, even if inadvertent, waives any protection for deposition testimony. If a Producing Party designates a document as Protected Information after it was initially produced, the other Parties, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Protective Order, and the Producing Party shall provide replacement documents marked in accordance with Paragraph 5. No Party shall be found to have violated this Protective Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protected Information. If a Party identifies a document (not previously marked or identified as Protected Information) that appears on its face or in light of facts known to the Party to contain Protected Information of any person, the Party identifying the information is under a good-faith obligation to notify the Producing Party and/or the interested person of the disclosure. Such notification does not waive the identifying Party's ability to subsequently challenge any assertion that the document contains Protected Information. If the Producing Party or other interested person wishes to assert that the document contains Protected Information, it shall provide such notice and replacement copies endorsed in compliance with this Protective Order.

STIPULATED PROTECTIVE ORDER - 8

7.     **Challenges to Designations.** The designation of any Discovery Materials as Protected Information is subject to challenge by any Party at any time, as follows.

(a)     **Meet and Confer.** A Party challenging the designation of Protected Information must do so in good faith and must begin the process by conferring directly with counsel for the Producing Party. In conferring, the challenging Party must explain the basis for its belief that the designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Producing Party must respond to the challenge within 15 business days, unless the parties agree to an alternative timeline. The Parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. A good faith effort to confer requires a face-to-face meeting (in person or via electronic means) or a telephone conference.

(b)     **Judicial Resolution.** If, after satisfying the requirements of Paragraph 7(a), a Party elects to challenge a designation, that Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a certification of counsel that affirms that the movant has complied with the meet and confer

STIPULATED PROTECTIVE ORDER - 9

requirements of Paragraph 7(a) of this Protective Order. The Producing Party shall bear the burden of persuasion in any such challenge proceeding, provided however, that a person in interest may seek to intervene in accordance with the Federal Rules of Civil Procedure. Until the Court rules on the challenge, all parties shall continue to treat the materials as Protected Information under the terms of this Protective Order.

**8.    Production Protocols.**

(a)    In the case of Discovery Materials being produced electronically, the Producing Party shall enclose with such production a load file that includes a field that indicates which records correspond to Protected Information.

(b)    Discovery Materials that are designated in accordance with Paragraph 5 are Protected Information under this Protective Order, regardless of the Producing Party's failure to comply with this Paragraph 8(a).

9.    **Disclosure of Protected Information.** Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may only disclose Protected Information to:

(a)    the receiving party's counsel of record in this action, as well as persons employed by counsel (including but not limited to law clerks, paralegals,

STIPULATED PROTECTIVE ORDER - 10

and administrative or clerical personnel) to whom it is reasonably necessary to disclose the information for this litigation;

(b)     employees of the U.S. Department of Justice, attorneys employed by EPA, and federal law enforcement officers in connection with a federal law enforcement investigation;

(c)     the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(d)     experts, investigators, and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the court, court personnel, court reporters, and their staff;

(f)     copy or imaging services, including their employees and agents, retained by counsel to assist in the duplication of Protected Information, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Protected Information to third parties and to immediately return all originals and copies of any Protected Information;

(g)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating

STIPULATED PROTECTIVE ORDER - 11

party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Information must be marked as "SUBJECT TO PROTECTIVE ORDER" by the court reporter, or in the alternative be bound in a separate volume, and may not be disclosed to anyone except as permitted under this order;

(h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i)    Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

10.    **Use of Protected Information**. Except as stated below, neither the Parties nor any third party contemplated by Paragraph 9 of this Protective Order shall use Protected Information for any purpose other than prosecuting, defending, or attempting to settle this litigation.

(a)    The Parties may use information as authorized by an order of this Court.

(b)    The United States may use Protected Information for law enforcement purposes and may, notwithstanding any other provision of this agreement, disclose Protected Information to law enforcement agencies.

STIPULATED PROTECTIVE ORDER - 12

11.    **Procedures Regarding Use of Protected Information**.

(a)    **Control of Documents.** Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure or use of Protected Information.

(b)    **Depositions.**

(i)    All deposition testimony taken in this case shall be treated as Protected Information from the time that the deposition begins until thirty days after the transcript is delivered in final form to each Party that has ordered a copy, unless the Parties in attendance at the deposition agree, on the record or in writing, to a shorter time period.

(ii)    Prior to the expiration of the time period provided in Paragraph 11(b)(i), any Party may serve a Notice of Designation to all Parties identifying the specific portions of the transcript that are designated Protected Information. After the time period provided in Paragraph 11(b)(i) expires, only those portions of the transcript identified in a Notice of Designation or designated on the record during the deposition will continue to be Protected Information under this Protective Order, unless otherwise ordered by the Court.

(iii)    Notwithstanding anything to the contrary in this Paragraph 11(b), a Party may disclose prior deposition testimony to a witness during his or her deposition in accordance with Paragraph 9.

STIPULATED PROTECTIVE ORDER - 13

(c)    **Filing of Protected Information.** The Parties may not file Protected Information except under seal. However, this Protective Order does not, by itself, authorize the filing of any document under seal. Any Party wishing to file Protected Information in connection with a motion, brief, or other submission to the Court must comply with Fed. R. Civ. P. 5.2 and the Eastern District of Washington's Procedures for Filing of Sealed Documents (Oct. 2, 2020), available at https://www.waed.uscourts.gov/sites/default/files/electronic_how/Sealed_Handout_for_Civil_Cases-20201002.pdf.

(d)    **Use of Protected Information at Trial or Hearing.** A Party that intends to present or that anticipates that another Party may present Protected Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Protected Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.    **Inadvertent Disclosure.** If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Protective Order, that Party must make reasonable efforts to (i) notify in writing the Producing Party of the unauthorized disclosures, (ii) use best efforts to retrieve the original and all unauthorized copies

STIPULATED PROTECTIVE ORDER - 14

of the Protected Information, (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (iv) request that such person or persons execute the "Acknowledgement and Agreement to be Bound" that is attached hereto as Attachment A. A Party that complies with the terms of this Paragraph promptly after learning of an inadvertent disclosure of Protected Information will be deemed in compliance with the requirements of this Protective Order, 40 C.F.R. Part 2, Subpart B., and the Trade Secrets Act.

13. **Effect of this Protective Order**.

(a)    The production of documents by a Producing Party pursuant to this Protective Order constitutes a court-ordered disclosure within the meaning of 40 C.F.R. § 2.209(d); the Privacy Act, 5 U.S.C. § 552a(b)(11); the Health Insurance Portability and Affordability Act of 1996 (HIPAA) implementing regulations, 45 C.F.R. § 164.512(a), (c)(1)(i); and the Trade Secrets Act, 18 U.S.C. § 1905.

(b)    Except on privilege or work product grounds not addressed by this Protective Order, no person may withhold documents, information, or other materials from discovery in this litigation on the ground that they require protection greater than that afforded by this Protective Order, unless that person moves for an order providing such special protection.

STIPULATED PROTECTIVE ORDER - 15

1    (c)    Nothing in this Protective Order prohibits any Party from using

2  or disclosing, for purposes other than this litigation, documents or information that

3  the Party obtained outside of this litigation.

4    (d)    Nothing in this Protective Order or any action or agreement of a

5  Party limits the Court's power to make orders concerning the disclosure of

6  documents produced in discovery or at trial.

7    (e)    Nothing in this Protective Order may be construed or presented

8  as a final judicial determination that any Protected Information is entitled to

9  protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise

10  until such time as the Court may rule on a specific document or issue.

11    14.    **Documents requested or demanded by non-parties**.

12    (a)    If any Party is served with a subpoena, court order, or discovery

13  request issued in other litigation that compels disclosure of any information, ESI,

14  or other Discovery Materials, or other material designated as Protected Information

15  by another Producing Party, the Party served with the subpoena, court order, or

16  discovery request must, within ten days of determining that the request seeks

17  Protected Information:

18    (i)    notify the Producing Party in writing and provide a copy

19  of the subpoena or court order;

20

STIPULATED PROTECTIVE ORDER - 16

(ii)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(iii)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Protected Information may be affected.

(b)    The Parties shall not produce Protected Information in response to any request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, or any discovery request or other request or demand except in compliance with: (i) this Protective Order (e.g., with the consent of the Producing Party), (ii) a directive of this Court removing the designation as Protected Information, or (iii) a lawful directive of another court.

(c)    If the United States withholds Protected Information from its response to a FOIA request and the requesting party subsequently files an action or motion in court challenging that withholding, the United States shall, as soon as practicable, provide notice to the Producing Party of service of the action or motion. Notice will be provided with sufficient time for the Producing Party to intervene and object to production. The United States shall not produce Protected Information without the consent of the Producing Party or before providing the

STIPULATED PROTECTIVE ORDER - 17

Producing Party an opportunity to object to the production, unless the court orders immediate disclosure.

(d)    Nothing in this order prohibits a Party from filing a motion with this Court seeking modification of this order to allow the disclosure of Protected Information.  Any such motion must be served on the Parties in accordance with the Federal Rules of Civil Procedure and must describe in detail the proposed disclosure.

15.    **Obligations on Conclusion of Litigation**.

(a)    **Continued Confidentiality Obligations.** The confidentiality obligations imposed by this order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

(b)    **Obligations at Conclusion of Litigation.** Within ninety (90) days after dismissal or entry of final judgment not subject to further appeal and subject to the Federal Records Act, 44 U.S.C. § 3101 et seq., and other legal obligations, the Parties shall take reasonable steps to ensure that all Protected Information is destroyed or returned to the Producing Party. Copies of Protected Information that are stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, need not be returned or destroyed so long as they are not made accessible (e.g., disaster recovery backups are not restored); if such data are made accessible, the receiving Party must take reasonable steps to

STIPULATED PROTECTIVE ORDER - 18

return or destroy the restored Protected Information or documents as provided by this subparagraph.

(c) **Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to return or destroy Protected Information, counsel for the Parties may retain: (1) attorney work product, including an index that refers or relates to designated Protected Information so long as that work product does not duplicate verbatim substantial portions of Protected Information, and (2) one complete set of all documents filed with the Court including those filed under seal, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Information. To the extent additional copies are retained by counsel of record notwithstanding the employment of reasonable efforts to return or destroy Protected Information, such retained copies remain protected under this order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Information.

(d) **Retention of Law Enforcement Documents.** Notwithstanding the above requirements to return or destroy Protected Information, law enforcement agencies may retain Protected Information in use for law enforcement

STIPULATED PROTECTIVE ORDER - 19

purposes pursuant to Paragraph 9(b), subject only to applicable laws and regulations, e.g., 28 C.F.R. part 16.

16.     This Protective Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

It is SO ORDERED this 27th day of May, 2025.

Thomas O. Rice
United States District Judge
Eastern District of Washington

STIPULATED PROTECTIVE ORDER - 20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

FOR THE UNITED STATES:

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

_____

GENEVIEVE S. PARSHALLE
Trial Attorney
ANDRENE E. DABAGHI
Trial Attorney
DAVID LAUFMAN WEIGERT
Senior Counsel
United States Department of Justice
Environment & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
(202) 514-2445 (GP)
(202) 514-0133 (DW)
Genevieve.Parshalle@usdoj.gov
David.Weigert@usdoj.gov

DEREK T. TAYLOR
Assistant United States Attorney
United States Attorney's Office
Eastern District of Washington
920 West Riverside Avenue, Suite 340
Spokane, WA 99201
(509) 835-6319
Derek.Taylor@usdoj.gov

STIPULATED PROTECTIVE ORDER - 21

FOR DEFENDANTS GEORGE & MARGARET, L.L.C., GEORGE DERUYTER AND SON DAIRY, L.L.C., AND D AND J DAIRY, L.L.C.


s/ Lori A. Terry
Lori A. Terry, WSBA #22006
Devra R. Cohen, WSBA #49952
1111 Third Avenue, Suite 3000
Seattle, WA 98101-3292
Telephone: (206) 447-4400
Email: lori.terry@foster.com
        devra.cohen@foster.com

1

2

3

FOR DEFENDANTS  Liberty Dairy, LLC;
LIBERTY ACRES LLC; BOSMA DAIRY
PARTNERS, LLC; ARIZONA ACRES
LIMITED PARTNERSHIP; AND BOSMA
ENTERPRISES, INC.

4

5

6

7

8

s/ Meredith R. Weinberg
Meredith R. Weinberg, WSBA No. 45713
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206-359-8000
Facsimile: 206-359-9000
MWeinberg@perkinscoie.com

9

10

11

12

13

14

15

16

17

18

19

20

[PROPOSED] STIPULATED PROTECTIVE ORDER - 23

FOR DEFENDANTS COW PALACE, LLC; THE DOLSEN COMPANIES; AND THREE D PROPERTIES, LLC


<u>s/ James A. Tupper, Jr.</u>
Jeff B. Kray, WSBA No. 22174
James A. Tupper, Jr., WSBA No. 16873
Bryce M. Brown, OSB No. 225511
Marten Law LLP
1191 Second Ave, Suite 2200
Seattle, Washington 98101
jkray@martenlaw.com
jtupper@martenlaw.com
bbrown@martenlaw.com
Ph: (206) 292-2600

# ATTACHMENT A

## [Caption]

# ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Washington in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as or asserted to be Protected Information in accordance with the specific terms of the Protective Order. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Phone Number: _____

Email Address: _____

Date: _____

Signature: _____

Attachment B

[Caption]

**Contact Information for Non-Party**
**Producing Documents Subject to Protective Order**

On [Date], the Court entered a protective order, ECF No. __, (the "Protective Order"). The person identified below is not a Party to this action but is a "Producing Party" within the meaning of the Protective Order. In accordance with the terms of the Protective Order, the contact information for this Producing Party is as follows:

Name of Producing
Party:
Contact Person: _____
Mailing Address: _____
_____
Phone: _____

This contact information is being provided to [name of party issuing subpoena], who must, under the terms of the Protective Order, serve a copy of this form on all counsel of record pursuant to Rule 5 of the Federal Rules of Civil Procedure. This contact information may be changed at any time by submitting new information using this form to [name of party issuing subpoena].